UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAPHNE R. WILLIAMS                                    CIVIL ACTION

VERSUS                                               NO. 15-3951

LORINA V. WILLIAMS ET AL.                            SECTION A(2)


**ORDER AND REASONS**

Before the Court is a **Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. 7)** filed by

Defendants. Plaintiff opposes the motion. The motion, set for submission on December 30, 2015,

is before the Court on the briefs without oral argument. For the reasons that follow, the motion is

**GRANTED**.

> I.      **Background**

On August 31, 2015, Plaintiff Williams, a pro se litigant, filed suit in this Court, alleging

breach of a settlement agreement. The settlement agreement at issue is between Plaintiff and her

former employer, the United States Postal Service ("USPS"), and it resolves claims that Plaintiff

brought under Title VII and the Rehabilitation Act. Plaintiff alleges that Defendants breached the

agreement by allowing her health and life insurance benefits to terminate. Plaintiff argues that if

the USPS had restored her sick and annual leave within eight weeks of executing the settlement

agreement, her insurance would not have terminated.

Defendants assert that the settlement agreement did not address whether Plaintiff would

continue to be eligible for health and life insurance benefits and that it did not specify a time period

in which to restore Plaintiff's leave. (Rec. Doc. 7-1). Plaintiff points out, however, that the

agreement did state the following: "Complainant understands that the Postal Service will make all

1

reasonable efforts to make payment within approximately eight (8) weeks after the Postal Service counsel's receipt of this fully executed settlement agreement . . . ." (Rec. Doc. 7-2 at 4).

Since filing the complaint, the USPS has retroactively reinstated Plaintiff's life insurance and health insurance. Defendants therefore note that Plaintiff's claim is likely moot. Plaintiff's opposition, however, suggests that Plaintiff seeks to recover from Defendants for emotional distress.

## II.    Analysis

In the motion before the Court, Defendants argue that this Court lacks subject matter jurisdiction over this suit. Defendants argue that while district courts have jurisdiction over Title VII claims, a claim asserting breach of a settlement agreement is a contract claim, not a Title VII claim, and it falls outside this Court's limited jurisdiction.

Federal courts have jurisdiction over suits against the United States and its agencies only to the extent that sovereign immunity has been waived. *Charles v. McHugh*, 613 Fed. App'x 330, 332-33 (5th Cir. 2013) (citing *FDIC v. Meyer*, 510 U.S. 471, 475, (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.")). "Federal courts have jurisdiction to hear suits against the government only with 'a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver.'" *Id.* (citing *Young v. United States*, 727 F.3d 444, 447 (5th Cir. 2013)).

The Fifth Circuit has held that claims arising out of settlement agreements that resolved Title VII claims are contract claims. According to the Fifth Circuit, courts should not interpret Title VII's waiver of sovereign immunity so broadly as to capture claims like Plaintiff's "simply

because the underlying Agreement resolved Title VII claims." *See id. See also Patterson v. Spellings*, 249 Fed. App'x 993 (5th Cir. 2007) (finding that district court lacked jurisdiction over claim for breach of settlement agreement between plaintiff and Department of Education).

Accordingly;

**IT IS ORDERED** that **Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. 7)** is **GRANTED**. Plaintiff's complaint is **DISMISSED**.

January 25, 2016

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE